UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOSEPH HENDERSON,<br><br>        Petitioner,<br>v.<br><br>KEITH BUTTS,<br><br>        Respondent. | No. 1:11-cv-920-WTL-TAB |

**Entry Discussing Petition for Writ of Habeas Corpus**

This cause is before the court on the petition for writ of habeas corpus of Joseph Henderson.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts.* This is an appropriate case for such a disposition.

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Henderson is confined at an Indiana prison and seeks review of and relief from a disciplinary proceeding in which he was sanctioned with a written reprimand, loss of housing and permanent loss of contact visits. These sanctions were non-custodial. *Mamone v. United States,* 559 F.3d 1209 (11th Cir. 2009); *Virsnieks v. Smith,* 521 F.3d 707, 713 (7th Cir. 2008). A sanction which does not constitute "custody" cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004); *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

Because Henderson's habeas petition shows on its face that he is not entitled to the relief he seeks, the action is **summarily dismissed** pursuant to *Rule 4*. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/26/2011

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana